Case 4:22-cv-03788   Document 15   Filed on 10/13/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, § <br> as Broadcast Licensee of the November 2, 2019 § <br> Saul "Canelo" Alvarez v. Sergey Kovalev § <br> Championship Fight Program, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> 1) J&P RODRIGUEZ, LLC, individually and § <br> d/b/a FRONTERA VIVO BAR NORTH and § <br> d/b/a VIVO FRONTERA BAR and d/b/a § <br> FRONTERA; and § <br> 2) PATRICIA RODRIGUEZ, individually and § <br> d/b/a FRONTERA VIVO BAR NORTH and § <br> d/b/a VIVO FRONTERA BAR and d/b/a § <br> FRONTERA, § <br> *Defendants*. § | CIVIL ACTION NO. 4:22-CV-03788 |

## **FINAL DEFAULT JUDGMENT**

Before the Court is *Plaintiff's Motion for Final Default Judgment & Brief in Support* filed by Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff"). Upon consideration of the Motion, the accompanying brief and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, and recognizes Plaintiff's election to seek statutory damages. The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendants (1) J&P Rodriguez, LLC, individually, and d/b/a Frontera Vivo Bar North, and d/b/a Vivo Frontera Bar and d/b/a Frontera; and (2) Patricia Rodriguez, individually, and d/b/a Frontera Vivo Bar North, and d/b/a Vivo Frontera Bar and d/b/a Frontera (collectively "Defendants") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in *Plaintiff's Original*

*Complaint* are deemed admitted against Defendants; that Defendants exhibited the closed circuit November 2, 2019 Saul "Canelo" Alvarez v. Sergey Kovalev Championship Fight Program, including undercard or preliminary bouts, without authorization from Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, as follows:

1. That judgment by default is hereby entered in favor of Plaintiff and against Defendants, jointly and severally.

2. That Plaintiff hereby recovers statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $3,375.00.

3. That Plaintiff hereby recovers additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $5,000.00.

4. That Plaintiff hereby recovers attorney's fees from Defendants, jointly and severally, in the amount of $7,500; along with attorney's fees for post-trial and appellate services.

5. That Plaintiff recover the following conditional awards of attorney's fees from Defendants, jointly and severally, in the following circumstances:

    a. Ten Thousand Dollars ($10,000.00) in the event a Defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action;

    b. Fifteen Thousand Dollars ($15,000.00) in the event a Defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

    c.    Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the Judgment obtained in this action; and

    d.    Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action.

6.    The Court also awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at an annual rate of 5.44% from the date of this Judgment until paid.

7.    All writs and process for the enforcement and collection of this Judgment may issue as necessary. In connection with any writ of execution in this case, the Court directs the United States Marshals Service to use any lawful means reasonably necessary to satisfy this Judgment.

8.    This is a final judgment.

SIGNED this 13th day of October 2023.

Andrew S. Hanen
United States District Court Judge